**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000342**
**31-JAN-2017**
**11:42 AM**

NO. CAAP-16-0000342

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant,
v.
JAMAL D. MANK, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 15-1-0686)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Reifurth, JJ.)

Plaintiff-Appellant State of Hawai'i (State) charged Defendant-Appellant Jamal D. Mank (Mank) by felony information with unauthorized possession of confidential personal information (UPCPI), in violation of Hawaii Revised Statutes (HRS) § 708-839.55 (2014).[1] The Circuit Court of the First Circuit (Circuit

---

[1] HRS § 708-839.55 provides, in relevant part:

(1) A person commits the offense of unauthorized possession of confidential personal information if that person intentionally or knowingly possesses, without authorization, any confidential personal information of another in any form, including but not limited to mail, physical documents, identification cards, or information stored in digital form.

HRS § 708-800 defines the term "confidential personal information" as follows:

"Confidential personal information" means information in which an individual has a significant privacy interest, including but not limited to a driver's license number, a social security number, an identifying number of a depository account, a bank account number, a password or other information that is used for accessing information, or any other name, number, or code that is used, alone or in conjunction with other information, to confirm the identity of a person.

Court)[2] dismissed the felony information with prejudice on the grounds that HRS § 708-839.55 and the HRS § 708-800 definition of "confidential personal information" incorporated into HRS § 708-839.55 (collectively, the UPCPI statutes) are unconstitutionally vague and overbroad. The Circuit Court memorialized its decision in its "Findings of Fact, Conclusions of Law, and Order Granting Defendant's Second Motion to Dismiss Felony Information" (Order Dismissing Felony Information) filed on March 22, 2016.

On appeal, the State argues that the Circuit Court erred in concluding that the UPCPI statutes are unconstitutionally vague and unconstitutionally overbroad. Based on the Hawaiʻi Supreme Court's recent decision in State v. Pacquing, ___ Hawaiʻi ___, ___ P.3d ___, SCAP-14-0001205, 2016 WL 7176766 (Hawaiʻi Dec. 9, 2016), we vacate the Order Dismissing Felony Information and remand for further proceedings.

I.

The record contains the following information. After shopping at Costco on April 30, 2015, the complaining witness (CW) could not find her purse, which she had placed in her shopping cart while at Costco. The purse contained two credit cards belonging to the CW: a Nordstrom Visa credit card and a Navy Federal Credit Union Visa credit card. Shortly after losing her purse, the CW was contacted by Nordstrom's credit card fraud department about suspicious charges on her credit card. On May 1, 2015, the CW filed a theft report with the police regarding the theft of her purse and its contents, including the two credit cards.

On May 2, 2015, Mank was arrested after fleeing the scene of a traffic accident. The CW's missing credit cards were found in Mank's possession, in his back right pants pocket. The police contacted the CW, who verified her ownership of the credit cards in Mank's possession by her name and the credit card numbers. A detective showed the CW a picture of Mank. The CW

_____

[2] The Honorable Glenn J. Kim presided.

stated that she did not know Mank and that she did not give Mank permission to be in possession of her credit cards.

On May 5, 2015, the State filed a felony information charging Mank with unauthorized possession of the CW's confidential personal information. Mank initially pleaded guilty to this charge, stating as a factual basis that he "knowingly possessed [the CW's] credit cards without authorization." However, the Circuit Court permitted Mank to withdraw his guilty plea and to file a second motion to dismiss the charge on the grounds that the UPCPI statutes were unconstitutionally vague and overbroad. The Circuit Court granted Mank's second motion to dismiss and dismissed the felony information with prejudice.

II.

The State's challenge to the Circuit Court's rulings that the UPCPI statutes are unconstitutionally vague and overbroad is controlled by the supreme court's decision in Pacquing.

A.

In Pacquing the supreme court held that "the UPCPI statues are not facially and unconstitutionally overbroad." Pacquing, 2016 WL 7176766, at *10. We therefore reject the Circuit Court's conclusion that the UPCPI statutes are unconstitutionally overbroad.

B.

The supreme court concluded that the UPCPI statutes were unconstitutionally vague as applied to certain aspects of Pacquing's conduct, but were not unconstitutionally vague as applied to other aspects of Pacquing's conduct. Id. at *14. The supreme court held that the UPCPI statutes were not unconstitutionally vague as applied to Pacquing's conduct of possessing the last four digits of the complainant's social security number and the complainant's driver's license number. Id. The supreme court reasoned that these items of information were among the specific examples contained in the definition of confidential personal information, and therefore, the UPCPI

3

statutes were not vague as applied to the possession of these items. Id.

The supreme court further concluded that the portions of the UPCPI statues that were unconstitutionally vague could be excised in a manner that would render the remaining portions constitutional. Id. at *15-17. To eliminate the unconstitutional aspects of the UPCPI statute, the supreme court excised the HRS § 708-800 definition of "confidential personal information" as follows:

> "Confidential personal information" means information in which an individual has a significant privacy interest, including but not limited to a driver's license number, a social security number, an identifying number of a depository account, [or] a bank account number, a password or other information that is used for accessing information, or any other name, number, or code that is used, alone or in conjunction with other information, to confirm the identity of a person.

Id. at *16.

The supreme court concluded that "[a]fter the deletion of the unconstitutional portions of HRS § 708-800's definition of 'confidential personal information,' its meaning would be circumscribed to the enumerated classes of information preceded by 'including' and information similar to those already enumerated." Id. The supreme court explained that "[t]his means that a non-enumerated item of 'information in which an individual has a significant privacy interest' would qualify as 'confidential personal information' only if that non-enumerated item is similar in nature and character to those already enumerated in HRS § 708-800." Id. The supreme court held that after the unconstitutional portions of the definition of "confidential personal information" were excised, the remaining portions of the UPCPI statutes were constitutional. Id. at *16-17.

4

The supreme court concluded that the remaining portions of the UPCPI statutes "[i]mportantly . . . still carr[y] out the intent of the legislature." Id. at *17. The supreme court explained that the legislature's clear intent in enacting the UPCPI statutes was "to address and deter identity theft by targeting and criminalizing conduct that precedes identity theft -- the possession of confidential personal information." Id. The supreme court concluded that the remaining UPCPI statutes, as excised, "still effectuate[]" this legislative intent "because intentional or knowing possession, without authorization, of a driver's license number, a social security number, an identifying number of a depository account, a bank account number, or other information similar in nature and character to those statutorily enumerated would still be a criminal offense." Id. The supreme court reasoned that the Legislature would have preferred the UPCPI statutes, as excised, to no statute at all because it enacted the UPCPI statutes out of "concern that law enforcement did not possess adequate legal tools to 'curb the rise in identity theft-related crimes.'" Id. (quoting Conf. Comm. Rep. No. 111, in 2006 Senate Journal, at 957). The supreme court noted that the UPCPI statutes, as excised, provided law enforcement with a legal tool it "could use to deter identity theft and precursors to identity theft[.]" Id.

C.

HRS § 708-839.55 prohibits the intentional or knowing possession, "without authorization," of "the confidential personal information of another[.]" As noted by the supreme court in Pacquing, the Legislature enacted the UPCPI statutes to deter identity theft by targeting and criminalizing the intentional or knowing possession, without authorization, of certain forms of confidential personal information that precedes and is a precursor to the commission of identity theft-related crimes. Id. at 17; see S. Stand. Comm. Rep. No. 2508, in 2006 Senate Journal, at 1248-49. Prior to the enactment of the UPCPI statutes, law enforcement "found it difficult to curb the rise in

identity theft related crimes" because under existing law, "identity thieves in possession of personal information who have not yet caused a monetary loss to the victim [could not] be prosecuted for crimes other than petty misdemeanor thefts." S. Stand. Comm. Rep. No. 2508, in 2006 Senate Journal, at 1249. The Legislature's intent in enacting the UPCPI statutes was to close this enforcement loophole. Id.

For purposes of the UPCPI statutes, we conclude that the unauthorized possession of another individual's credit card number constitutes the unauthorized possession of information that is similar in nature and character to a bank account number or the identifying number of a depository account. Like a bank account number or the identifying number of a depository account, a credit card number provides access to an individual's financial resources and personal transactions. Each of these numbers typically is unique, is linked to a particular individual, is used for identification purposes, is necessary to obtain funds relating to the underlying account, and is used to distinguish and separate the transactions of the individual who owns the account from transactions engaged in by others.

The definition of "confidential personal information," as excised in Pacquing, identifies a bank account number and an identifying number of a depository account as among the items of information in which an individual has a significant privacy interest. We conclude that just as an individual has a significant privacy interest in protecting against the unauthorized possession of his or her bank account or depository account number, an individual also has a significant privacy interest in protecting against the unauthorized possession of his or her credit card number. In other words, the nature and character of an individual's privacy interest that is associated with these three items of information is very similar.

As noted, each of the numbers provides access to an individual's financial resources and personal transactions. While individuals may disclose these numbers where necessary to

6

engage in transactions that the underlying accounts were intended to facilitate, they typically guard against the unnecessary or unauthorized disclosure of the numbers. This is because the unauthorized possession of these numbers by third-parties would expose the individuals to identity theft-related crimes and financial loss. For example, a credit card holder may disclose his or her credit card number to third-parties where necessary to purchase goods or services. The same is also true of a bank account or depository account number, which appears on checks written on the account, which a bank or depository account holder may disclose to third-parties to facilitate authorized purchases or deposits. However, individuals do not generally disclose their credit card numbers, bank account numbers, or depository account numbers to strangers, or allow the numbers to be possessed or used without permission or authorization. The limited disclosure of these numbers in situations authorized by the account owners does not diminish the significant privacy interest that individuals have in these numbers.

Based on the foregoing, we conclude that a credit card number is an item of information that is similar in nature and character to a bank account number and an identifying number of a depository account, and that a credit card number falls within the definition of "confidential personal information," as excised in Pacquing. Our conclusion is consistent with the purpose of the UPCPI statues to deter identity theft by targeting and criminalizing the unauthorized possession of confidential personal information that is a precursor to the commission of identity theft-related crimes. Clearly, the unauthorized use of someone else's credit card is a common form of identity theft, and Mank's conduct of possessing the CW's credit cards without authorization is at the core of the types of conduct the UPCPI statues were intended to prohibit. See S. Stand. Comm. Rep. No. 2508, in 2006 Senate Journal, at 1248-49; Hawaii Anti-Phishing Task Force, Report on Electronic Commerce-Based Crimes, at 3-5 (2006) (stating that "[c]redit card fraud was the most prevalent

7

underlying identity theft crime" reported by Hawai'i residents to the Federal Trade Commission in 2004). Accordingly, we hold that the UPCPI statutes, as excised in <u>Pacquing</u>, are not unconstitutionally vague as applied to Mank's conduct of intentionally or knowingly, without authorization, possessing the CW's credit cards, and that the Circuit Court erred in dismissing the felony information on the ground of the unconstitutional vagueness of the UPCPI statutes.

III.

We vacate the Order Dismissing Felony Information and remand the case for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, January 31, 2017.

On the briefs:

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellant

James S. Tabe
Deputy Public Defender
for Defendant-Appellee

Chief Judge

Associate Judge

Associate Judge

8